UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X
TA-WANYA WILLIAMS,

               Plaintiff,                         **MEMORANDUM & ORDER**

    -against-                        22-cv-7769 (NRM)

KILOLO KIJAKAZI, *Acting Commissioner of
Social Security*,

               Defendant.
——————————————————————X
NINA R. MORRISON, United States District Judge:

This case involves an appeal from the Social Security Administration's denial of disability benefits. Presently before this Court are two motions for attorney's fees, the first pursuant to the Equal Access to Justice Act ("EAJA") and the second pursuant to 42 U.S.C. § 406(b). For the reasons discussed below, this Court grants both motions.

## BACKGROUND

On August 17, 2021, Plaintiff Ta-Wanya Williams retained Jeffrey Delott, Esq. ("counsel") of the Law Offices of Jeffrey Delott to challenge in federal court the Social Security Administration's ("SSA") denial of disability benefits. Plaintiff signed a contingency attorney fee agreement (the "Agreement") with counsel, which provides, in relevant part, "[i]f a court awards benefits, then [counsel] will request a fee of twenty-five percent (25%) of the total past due benefits payable to the claimant . . . [by] fil[ing] a fee petition . . . pursuant to the applicable statute and

regulations."   Social Security Retainer Fee Agreement 1, ECF No. 31-1.[1]   The
Agreement further provides, "Claimant authorizes [counsel] to seek attorney's fees
under [the] EAJA, either on Claimant's behalf or on behalf of [counsel]."  *Id.*  The
Agreement addresses how counsel will proceed if he receives fees under both the
EAJA and section 406(b): "If [counsel] receives fees from the Federal Court from
Claimant's benefits and from EAJA for the same work, then [counsel] will refund the
lower fee to Claimant."  *Id.*  The Agreement explicitly states counsel "will seek NO
FEE unless the claim is approved by the SSA or Federal Court."  *Id.* at 2.

Thereafter, Plaintiff filed a Complaint seeking judicial review of SSA's adverse
decision in her period of disability and disability insurance benefits case under 42
U.S.C. § 405(g).  Compl., ECF No. 1 (Dec. 20, 2022).  Plaintiff specifically sought
remand and an expedited hearing within 60 days, as well as costs and attorney's fees.
*Id.* ¶ (g), (i).  Plaintiff filed an accompanying motion for leave to proceed *in forma
pauperis* that same day.  Mot. for Leave ("Mot. for Leave"), ECF No. 2 (Dec. 20, 2022).
This Court granted leave to proceed *in forma pauperis* by docket Order dated January
3, 2023.

The Commissioner of the SSA ("the Commissioner") filed the administrative
transcript, *see* Administrative Tr. ("A.T."), ECF No. 7 (Feb. 28, 2023), and Plaintiff
promptly filed a motion for judgment on the pleadings with supporting briefing and
declaration.  Pl. Mot. for J. on the Pleadings ("Pl. Mot. for J."), ECF No. 8 (Mar. 1,

---

[1] All page references use ECF pagination except where noted.

2023); Pl. Mem. in Supp. of Mot. for J. ("Pl. Mem. in Supp."), ECF No. 9 (Mar. 1, 2023);

Delott Decl. in Supp. of Mot. for J., ECF No. 10 (Mar. 1, 2023).

During the course of briefing Plaintiff's motion, the Commissioner indicated a willingness to resolve the case with a voluntary remand and requested a 30-day extension to file a motion for remand.  Comm'r Mot. for Extension of Time, ECF No. 12 (Mar. 29, 2023).  Plaintiff filed a letter opposing the Commissioner's request for an extension of time.  Pl. Reply in Opp'n ("Pl. Reply"), ECF No. 13 (Mar. 29, 2023).  In this letter, counsel represented that Plaintiff, who by that time had then been unable to work for nearly three years, was facing an increasingly precarious financial situation during the pendency of this case, including falling behind on her mortgage and potentially losing her home.  *Id.* at 1.  The letter also documented counsel's previous advocacy on Plaintiff's behalf before the SSA Appeals Council and his negotiations with counsel for the SSA to informally resolve this case through a stipulated remand.  *Id.* at 1–2, 4–5.  The letter further indicated that negotiations towards informal resolution proved ultimately unsuccessful.  *Id.* at 3.  This Court granted in part and denied in part the Commissioner's requested extension by a docket Order dated March 30, 2023, granting the Commissioner an additional five days to file its responsive papers.

Shortly thereafter, the Commissioner filed a cross motion for judgment on the pleadings, conceding that remand was appropriate but requesting that the Court not order an expedited decision.  Comm'r Mot. for J. on the Pleadings, ECF No. 14 (Apr. 5, 2023).  Plaintiff promptly filed an opposition brief addressing the Commissioner's

arguments. Pl. Mem. in Opp'n ("Pl. Mem. in Opp'n 1"), ECF No. 15 (Apr. 6, 2023). While this Court considered these cross-motions, Plaintiff filed another letter that underscored her precarious financial circumstances and requested an expedited decision from this Court. Pl. Letter ("Pl. Letter"), ECF No. 16 (Feb. 16, 2024).

By docket Order dated February 20, 2024, the Court granted in part and denied in part both motions for judgment on the pleadings. Pursuant to 42 U.S.C. § 405(g), the Court remanded the Commissioner's decision with instructions to explicitly apply the treating physician rule, codified at 20 C.F.R. § 404.1527(d), to the medical opinion of Plaintiff's doctor and to provide good reasons for affording a determined weight to the doctor's opinion in accordance with 20 C.F.R. § 404.1527. The Court noted, and agreed with, the parties' mutual understanding that the SSA Administrative Law Judge ("ALJ") erred in weighing and evaluating the opinion of Plaintiff's doctor, which is entitled to deference and must be weighed explicitly using all the factors provided in 20 C.F.R. §§ 404.1527 and 416.927. The Court found that the ALJ had not explicitly weighed the factors outlined in *Burgess v. Astrue*, 537 F.3d 117, 129 (2d. Cir. 2008), and that this failure constituted a "procedural error." *See Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) ("If the Commissioner has not [otherwise] provided 'good reasons' [for its weight assignment], [the Court is] unable to conclude that the error was harmless and [should] remand for the ALJ to comprehensively set forth [its] reasons."). Because the ALJ failed to accord due deference to the doctor's opinion or to explicitly weigh the *Burgess* factors in the SSA determination, the Court was unable to conclude this procedural error was harmless because "a searching

review of the record" did not assure the Court "that the substance of the treating physician rule was not traversed." *See id.* (requiring this analysis to determine whether such error was harmless).

Denying in part Plaintiff's motion, the Court declined to make a disability finding as to Plaintiff or to remand only for a calculation of damages. Instead, the Court concluded that the ALJ should be given an opportunity to reweigh the doctor's opinion. However, "[u]nderstanding the continued hardship faced by the claimant," the Court imposed a deadline on the Commissioner to make a final decision. *Urena v. Berryhill*, No. 18-CV-3645 (JLC), 2019 WL 1748131, at \*16 (S.D.N.Y. Apr. 19, 2019) (collecting cases). The SSA's procedures provide for expedited hearings when a plaintiff demonstrates a dire need situation, including a danger of imminent eviction or foreclosure. *See* Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-1-40(A)(5). The Court found that Plaintiff — through her representations of imminent risk of homelessness, supported by a docketed past-due mortgage statement — satisfied the dire need standard. The Court directed the Commissioner to expedite the remand of Plaintiff's case and render a final decision within 60 days. *See Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) (suggesting procedural time limits to ensure speedy disposition of Social Security cases upon remand by district courts).

Following the Court's decision on the cross motions, the Commissioner filed a motion to alter judgment, *see* Comm'r Mot. to Alter J., ECF No. 18 (Mar. 19, 2024), and Plaintiff responded the next day. Pl. Mem. in Opp'n ("Pl. Mem. in Opp'n 2"), ECF No. 19 (Mar. 20, 2024). However, the parties soon informed the Court that this

motion was rendered moot by a decision fully favorable to Plaintiff that was issued by the SSA ALJ.  Pl. Letter, ECF No. 20 (Mar. 25, 2024); Comm'r Letter, ECF No. 21 (Mar. 27, 2024).

Following this successful resolution of Plaintiff's claim for benefits, Plaintiff moved for attorney's fees under the EAJA.  Mot. for Att'y Fees *pursuant to the EAJA* ("EAJA Fee Mot."), ECF No. 22 (Apr. 22, 2024).  The Commissioner opposed this motion.  Comm'r Mem. in Opp'n, ECF No. 27 (May 22, 2024).

The SSA issued a Notice of Award to Plaintiff, indicating that Plaintiff's past due benefits totaled $129,588.72 and that the agency was withholding 25 percent of these benefits, or $32,397.18, to pay any approved attorney's fees.[2]  Notice of Award ("Notice of Award") 5, ECF No. 31-2.  This Notice of Award is dated April 20, 2024. *Id.*  However, counsel represented that, despite his diligence, he was unable to obtain the Notice of Award until May 29, 2024.  Pl. Mem. in Supp. of 406(b) Fee Mot. 2–3, ECF No. 31 (May 29, 2024); *see also* ECF No. 31-3 (documenting efforts to obtain the Notice of Award).

Plaintiff subsequently moved for an attorney's fees authorization under section 406(b).  Mot. for Att'y Fees *pursuant to 406b* ("406(b) Fee Mot."), ECF No. 30 (May 29, 2024).  The Commissioner filed a response and requested that any award under section 406(b) be paid out of Plaintiff's withheld past due benefits, pursuant to agency

---

[2] The Notice of Award does not explicitly state the total past due benefits to which Plaintiff is entitled.  The Court arrives at this $129,588.72 sum by multiplying the $32,397.18 withholding, which the Notice of Award indicates is 25 percent of past due benefits, by four.

policy; the Commissioner neither supported nor objected to Plaintiff's requested fees authorization.  Comm'r Resp. to 406(b) Fee Mot., ECF No. 32 (May 30, 2024).

## DISCUSSION

The Court addresses each of the two pending fee motions below.

I.  Motion for Attorney's Fees Pursuant to the EAJA

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in . . . proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To establish entitlement to EAJA fees, a party must (1) timely file their fee motion pursuant to 28 U.S.C. § 2412(d)(1)(B); (2) show that they were the prevailing party and eligible to receive an award; (3) set forth an itemized statement of actual time expended and the hourly rate at which fees were computed; and (4) allege that the position of the United States was not substantially justified and that no special circumstances exist that make an award unjust.  *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014).  "Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'"  *Commodity Futures Trading Comm'n v. Dunn,* 169 F.3d 785, 786 (2d Cir.1999).  Additionally, the fees awarded under the EAJA must be "reasonable."  28 U.S.C. § 2412(d)(2)(A); *see also Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (citing *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983)) ("The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both.").

Here, there is no dispute that Plaintiff's EAJA fee motion was timely. "[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991); *see also* Fed. R. App. P. 4(a)(1)(B)(ii) (allowing 60 days from the entry of judgment for appeals involving United States agencies). This Court's February 20, 2024 docket Order disposed of the case in Plaintiff's favor, and the Clerk of Court entered judgment the next day, on February 21, 2024. ECF No. 17. The Commissioner had 60 days from entry of judgment, until April 21, 2024, to appeal the Court's decision; the time expired without the Commissioner taking an appeal. Plaintiff filed her EAJA fee motion on April 22, 2024, the first day after the period to appeal elapsed and well within the 30-day time limit 28 U.S.C. § 2412(d)(1)(B).

Nor is there any dispute that Plaintiff was the prevailing party. "The United States Supreme Court has held that a remand under sentence four of 42 U.S.C. § 405(g) is a final judgment that qualifies a plaintiff for prevailing party status." *McKay v. Barnhart*, 327 F. Supp. 2d 263, 266–67 (S.D.N.Y. 2004) (citing *Shalala v. Schaefer,* 509 U.S. 292, 302 (1993)). Nor does the Commissioner contend that SSA's position was substantially justified.

8

Additionally, Plaintiff has introduced the requisite itemized accounting of counsel's time, *see* Delott Decl. in Supp. of EAJA Fee Motion, Exhibit B, ECF No. 24-2 (Apr. 22, 2024) (documenting 86.3 hours), and outlined the applicable rate. The applicable hourly rate is determined by 28 U.S.C. § 2412(d)(2)(A), which set a base rate of $125 in March 1996 and allows for cost-of-living adjustments. Applying this cost-of-living adjustment, Plaintiff arrived at an hourly rate of $247.62. Delott Decl. in Supp. of EAJA Fee Motion ("Delott Decl.") ¶¶ 33–34, ECF No. 24 (Apr. 22, 2024); *see also Walker v. Comm'r of Soc. Sec.*, No. 20-CV-4426 (WFK), 2022 WL 4079576, at *1 (E.D.N.Y. Sep. 6, 2022) (confirming calculations similar to Plaintiff's). The Commissioner does not contest this hourly rate.

Instead, the only dispute here is whether the number of hours counsel expended to litigate this case is reasonable. As the Commissioner notes, "[d]istrict courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." *Barbour*, 993 F. Supp. 2d at 290. However, "[t]he Court has broad discretion in determining whether the amount of time expended by plaintiff's counsel was reasonable." *Walker*, 2022 WL 4079576, at *2 (citing *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986)). "Factors justifying a larger award include the factual, substantive, and procedural complexity of the case; the size of the administrative record; and the efficacy of the attorney's efforts." *Id.* (quoting *Stewart v. Comm'r of Soc. Sec.*, No. 12-CV-3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014)) (citation modified).

The Court finds that Plaintiff's requested EAJA fee award is reasonable for three reasons.  First, this case involved a voluminous administrative transcript of 1,956 pages, which counsel needed to review and parse before cogently presenting it to this Court.  *See Rivera Hernandez v. Comm'r Soc. Sec. Admin.*, No. 19-CV-04025 (PAE) (KHP), 2020 WL 2765866, at *3 (S.D.N.Y. May 28, 2020) (describing an approximately 2000-page administrative transcript as "quite lengthy" and "hardly typical," which helped justify an EAJA fee award for more than 70 hours of work).

Second, counsel's briefing was thorough and persuasive.  *See Vellone v. Kijakazi*, No. 20-CV-261 (RA) (KHP), 2022 WL 276842, at *3 (S.D.N.Y. Jan. 31, 2022) (noting that the length and quality of plaintiff's briefing helped justify an EAJA fee award for 65 hours of work).  To vindicate his client's interests, counsel also filed not only briefs on the merits of Plaintiff's claims in this Court, but also supplemental briefs and letters in opposition to the SSA's cross motion and requests for extensions of time, driving home the point that time was of the essence to his client as her financial situation worsened.  *See generally* Pl. Mem. in Supp.; Pl. Reply; Pl. Mem. in Opp'n 1; Pl. Letter; Pl. Mem. in Opp'n 2.  The Commissioner argues that there was significant overlap between (1) Plaintiff's briefing before this Court and the SSA Appeals Council and (2) Plaintiff's opening brief and reply brief on her motion for judgment on the pleadings.  Comm'r Mem. in Opp'n to EAJA Fee Mot. ("Comm'r Mem in Opp'n") 6–9, ECF No. 27 (May 22, 2024).  While the Commissioner directs the Court to certain sections and pages that do appear to be duplicative, the Commissioner also acknowledges that counsel's filing before the Appeals Council was

an "eight-page, single-spaced" brief. *Id.* at 8. Plaintiff's opening brief before this Court was thirty double-spaced pages and included citations and significant analysis absent from the brief before the Appeals Council. Further, as to counsel's reply brief, "a good reply brief . . . needs to reorient the court by reiterating a few of the most important principles, and for the most part, that is what plaintiff did here." *Collins v. Comm'r of Soc. Sec.*, No. 20-CV-4693 (BMC), 2021 WL 4947108, at *2 (E.D.N.Y. Oct. 25, 2021).

Third, and most importantly, counsel was responsive to his client and, ultimately, highly effective in his advocacy. Despite his bests efforts at negotiating a stipulated remand, counsel litigated this case through to a final judgment on the pleadings and prevailed on the merits. Courts routinely award fees comparable to what counsel has requested here for advocacy that culminates in voluntary or stipulated remands. *See Walker*, 2022 WL 4079576, at *1 (awarding a total of $14,339 in EAJA fees where the case culminated in a stipulated reversal and remand). Counsel also actively communicated the dire need situation of his client, convincing the Court to order an expedited hearing and decision on remand. This remand resulted in a Notice of Award for past due benefits to Plaintiff. In short, counsel achieved a complete success for Plaintiff, and further did so while she faced dire need and required an expedited decision to avoid the risk of homelessness.

Finally, Plaintiff has already agreed to a significant reduction in the EAJA fees sought here. Delott Decl. ¶¶ 36, 40 (indicating a reduction of approximately 20 percent from $23,369.61, which would include the full 86.3 hours documented by

counsel, to $17,500). The reduction is actually even greater, because counsel documented that he expended additional time defending this motion for attorney's fees under the EAJA. ECF No. 29-1 (documenting an additional 5.8 hours); *see also Walker*, 2022 WL 4079576, at *2 (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990)) ("[A]n application for EAJA fees may properly include the time spent preparing and defending the fee motion . . . ."). This self-imposed reduction is already more than courts in this district have imposed in comparable cases. *See Collins*, 2021 WL 4947108, at *2 (reducing the hours compensable under the EAJA from 60 to 53, a reduction of approximately 12 percent). Other courts have refused to reduce EAJA fee requests when presented with arguments almost identical to the Commissioner's. *Walker*, 2022 WL 4079576, at *1–2 (declining to reduce an EAJA fee request for 65.5 attorney hours when defendant cited "counsel's representation of Plaintiff at the administrative level, his substantial experience as a Social Security disability attorney, the lack of a reply brief, and the lack of 'difficult or complex legal or factual issues'").

For these reasons, the Court grants Plaintiff's motion for attorney's fees under the EAJA.

## II. Motion for Attorney's Fees Pursuant to Section 406(b)

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A).

Though a motion for attorney's fees under section 406(b) is filed under Plaintiff's name, counsel is the true party in interest. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Section 406(b) permits contingency fee arrangements, provided they represent "a reasonable fee." *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990).

As an initial matter, an application for fees must be timely within the 14-day time limit laid down in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019). Though the Notice of Award is dated April 20, 2024, and the 406(b) fee motion was not filed until May 29, 2024, counsel has explained that he did not receive the Notice of Award until May 29 and has sufficiently documented his office's diligent attempts to obtain a copy of the Notice of Award prior to receiving it. In filing the 406(b) fee motion on May 29, counsel acted expeditiously upon his belated receipt of the Notice of Award. The Court finds these circumstances justify tolling the 14-day time limit for 406(b) fee motions. *See Sinkler*, 932 F.3d at 89 ("District courts are empowered to enlarge [the Fed. R. Civ. P. 54(d)(2)(B)] filing period where circumstances warrant.").

Second, the Court must confirm that the fee authorization does not exceed 25 percent of the total past due benefits obtained by the claimant. Here, the $32,397.18 fee authorization requested by counsel is identical to the 25 percent withholding indicated by the Notice of Award. *Compare* Pl. Mem. in Supp. of 406(b) Fee Mot. 3, ECF No. 31 (May 29, 2024) (requesting $32,397.18 in fees), *with* Notice of Award at 5 (indicating amount withheld for possible fee authorization). Moreover, counsel affirmatively indicates, pursuant to law and his Agreement with Plaintiff, "[i]f an

attorney receives §406(b) fees, the EAJA fees get turned over to the claimant. Therefore, the EAJA fees being sought here are actually for [Plaintiff] and will be turned over to her after [counsel] receive fees pursuant to §406(b)." Delott Decl. ¶ 39. This refund reduces his total fees below 25 percent of total past due benefits. Accordingly, counsel's request comports with this facet of section 406(b).

This Court must next evaluate whether counsel's requested fee authorization is reasonable. The Second Circuit instructs "that courts should 'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Gisbrecht*, 535 U.S. at 808). A reasonableness determination must consider (1) "the character of the representation and the results the representative achieved"; (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused"; (3) "whether there has been fraud or overreaching in making the contingency agreement"; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case — the so-called 'windfall' factor . . . articulated in [*Wells*, 907 F.2d at 372]." *Fields*, 24 F.4th at 853 (citing *Gisbrecht*, 535 U.S. at 808) (citation modified).

While the first two factors are "straightforward," the "windfall" factor is "less clear." *Id.* "Courts must consider more than the de facto hourly rate." *Id.* at 854. In evaluating whether a fee award constitutes a windfall, courts look to (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant — including any

representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56.

Applying these factors to the instant case, the Court finds that counsel's requested fee authorization is plainly reasonable. First, counsel dedicated 92.1 hours of work to Plaintiff's case before this Court. Dividing counsel's requested $32,397.18 fee authorization by these expended hours indicates counsel would receive a *de facto* hourly rate of $351.76. This rate is significantly below "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021) (citations omitted); *see also Gentile v. Kijakazi*, No. 21-CV-641 (AMD), 2023 WL 6392905, at *2 (E.D.N.Y May 3, 2023) (collecting cases approving *de facto* hourly rates between $1,072.17 and $2,100 while finding an hourly rate of $1,750 to be reasonable); *Rubalskaya v. Comm'r of Soc. Sec.*, No. 23-CV-4625 (AMD), 2025 WL 2074177, at *2 (E.D.N.Y. July 23, 2025) (approving a *de facto* hourly rate of $979.70); *Hidalgo v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-1271 (RPK), 2025 WL 1384246, at *2 (E.D.N.Y. May 13, 2025) (finding that a *de facto* hourly rate of $2,665.73 constituted a windfall where the attorney only expended 2.9 hours on the case before reducing the hourly rate to $1,500).

A review of the record also indicates that the requested fee authorization is reasonable. The Court has already reviewed counsel's meritorious representation of

Plaintiff *supra* and here briefly analyzes counsel's representation under the framework outlined in *Gisbrecht* and *Fields*.

The Agreement entered into by Plaintiff and counsel expressly provides for counsel to seek a 25 percent Section 406(b) fee. Counsel's representation of Plaintiff was competent, and Plaintiff prevailed in full, including remand to the agency and, ultimately, an award of full past due benefits. There is no indication that Plaintiff's counsel engaged in dilatory tactics to delay the litigation and enlarge the fee award; to the contrary, the record indicates counsel acted quickly to expedite the litigation when his client was suffering dire financial straits. Counsel reviewed a voluminous administrative record, submitted multiple briefs, and frequently conferred with counsel for the SSA. Though counsel only represented Plaintiff before the Court for approximately a year and half, it is clear his firm achieved an excellent result for Plaintiff, prevailing first in his efforts to reverse and remand the initial adverse SSA decision before prevailing again on the merits before the agency and securing substantial past due benefits for Plaintiff. Counsel acted expeditiously through the litigation, avoiding undue delay, and there is no allegation of fraud or overreach. Moreover, the Agreement executed by counsel and Plaintiff appears to be standard for practitioners in this area of the law.

Finally, counsel's requested fee authorization does not represent a windfall. Counsel is a disability law expert who litigated this case with appropriate efficiency; counsel also represented Plaintiff before the agency; Plaintiff has been fully satisfied through this litigation and in proceedings before the agency, resulting in, first,

remand and, ultimately, an award of past due benefits; and this matter was forcefully argued by both parties before this Court, indicating that this outcome was far from certain.

Nor does this Court see any other reason to reduce counsel's fee below what Plaintiff consented to at the outset of this litigation. Fee authorizations under section 406(b) serve the important end of encouraging attorneys to accept social security cases on a contingent basis, representing claimants who may otherwise struggle to find attorneys.

For all of the foregoing reasons, this Court grants Plaintiff's motion for fees under section 406(b).

## **CONCLUSION**

Accordingly, Plaintiff's motion for attorney's fees under the EAJA is GRANTED. The Court orders that Plaintiff is awarded $17,500 in attorney fees and expenses pursuant to the EAJA, 28 U.S.C. § 2412(d), to be paid from the Judgment Fund pursuant to 28 U.S.C. § 1920. Likewise, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED. The Commissioner is directed to release to Plaintiff's counsel the $32,397.18 withheld from Plaintiff's past due benefits, in accordance with agency policy. Plaintiff's counsel is directed, upon receipt of both the EAJA fees and the 406(b) fees, to promptly refund to Plaintiff the $17,500 fee amount awarded under the EAJA. This case will remain closed.

SO ORDERED.

/ / /

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated: August 28, 2025
       Brooklyn, New York